# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JULIAN E. McCLAIN, | |
| Plaintiff, | No. C05-4030-RSW |
| vs. | |
| MARK W. BENNETT, | INITIAL REVIEW ORDER |
| Defendant. | |

This matter is before the court pursuant to the plaintiff's 42 U.S.C. § 1983 complaint. The Clerk of Court filed such complaint on March 14, 2005. Also before the court is the plaintiff's application to proceed in forma pauperis and application for appointment of counsel. The plaintiff filed both applications on March 16, 2005. The court conducted a telephonic hearing on June 27, 2005.

Based on the application submitted, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall not be required to submit any portion of the $250.00 filing fee.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of

habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger*, 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the language of the complaint demonstrates that the plaintiff is challenging the validity of his confinement or conviction. In his complaint, the plaintiff states:

> Honorable Mark [Bennett] on Jan. 28 [during] sentencing made [prejudicial and discriminatory] remarks without going into my criminal history to see who I really am as a person. Mr. [Bennett characterized] me as a thug and stated he didn't like me. Judge [Bennett wasn't] being a judge on Jan. 28 at 11 o'clock in [. . . the] Federal Court house.

From the complaint, it appears the plaintiff is dissatisfied with the outcome of his federal criminal case, that is, *United States v. McClain*, CR04-4013-DEO (N.D. Iowa 2005). In the relief portion of his complaint, the plaintiff states:

> I want the courts to enter my lawsuit and vacate Judge Bennett's judgment.

The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action. The relief the plaintiff is seeking is only available under 28 U.S.C. § 2255.[1]

The court notes the plaintiff is in the process of directly appealing the outcome of his federal criminal case. *See United States v. McClain*, CR04-4013-DEO (N.D. Iowa 2005). Regarding his direct criminal appeal, the plaintiff should inform his court

---

[1] To the extent that the plaintiff is seeking damages for events relating to his criminal case, a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

appointed attorney that he would like to have the Eighth Circuit Court of Appeals review the sentencing judge's conduct. Once his concerns are properly presented on direct appeal, the Eighth Circuit Court of Appeals will address them.

Given the fact that he currently is directly appealing the judgment that entered against him in his criminal case, the court declines to construe or recharacterize the plaintiff's complaint as a motion under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792, 157 L. Ed. 2d 778 (2003) (concluding a court may recharacterize a pro se litigant's pleading but before doing so the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [28 U.S.C.] § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provided the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [28 U.S.C.] § 2255 claims he believes he has"). If dissatisfied with his conviction and/or sentence after the direct appeal process is completed, the plaintiff should file a motion under 28 U.S.C. § 2255 in his underlying criminal case.

Apart from the fact that the relief sought is not available in a 42 U.S.C. § 1983 action, the plaintiff named Mark W. Bennett as the only defendant. A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). *See also Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (discussing judicial immunity in the context of a 42 U.S.C. § 1983 claim and quoting *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996) ("Judicial immunity protects a judicial officer form civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). Absolute immunity defeats a suit at the onset, so long as the official's actions were within the scope of the immunity. *See Imbler*

3

*v. Pachtman*, 424 U.S. 409, 419 n. 13, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). A judge is entitled to absolute immunity from civil suit unless the acts were nonjudicial in nature or the acts were performed in the clear absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam); *Briscoe v. LaHue*, 460 U.S. 325, 334-35, 103 S. Ct. 1108, 74 L. Ed. 2d 96 (1983); *Stump v. Sparkman*, 435 U.S. 349, 356-60, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) (per curiam). When sentencing the plaintiff in his criminal case, defendant Mark W. Bennett was clearly performing a judicial function and, therefore, is entitled to absolute immunity.

For the foregoing reasons, the plaintiff's action shall be dismissed for failing to state a claim upon which relief may be granted and as frivolous. *See* 28 U.S.C. § 1915A(b)(1). Having determined that it is appropriate to dismiss this action, the court shall deny as moot the plaintiff's application for appointment of counsel.

### IT IS THEREFORE ORDERED:

1) The plaintiff's application to proceed in forma pauperis is granted.
2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.
3) The plaintiff is not required to submit any portion of the $250.00 filing fee.
4) The plaintiff's action is dismissed.
5) The plaintiff's application for appointment of counsel is denied as moot.

DATED this 28th day of June, 2005.

Rodney S. Webb
United States District Judge